**NATIONAL ASSOCIATION OF TRAILER OWNERS, INC., Appellant,**

**v.**

**J. Edward DAY, Postmaster General of the United States, Appellee.**

**No. 16453.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 27, 1961.

Decided Feb. 8, 1962.

Mr. Garland P. Thompson, Washington, D. C., with whom Mr. W. Byron Sorrell, Washington, D. C., was on the brief, for appellant.

Mr. John G. Laughlin, Jr., with whom Asst. Atty. Gen. William H. Orrick, Jr., and Mr. David C. Acheson, U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, BAZELON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing appellant's [plaintiff] complaint seeking to hold invalid and in error an amended departmental decision of the judicial officer of the Post Office Department and for judgment declaring appellant's publication entitled to second class mailing privileges. Appellant is a Florida corporation engaged in the business of publishing and distributing a magazine known as "Mobile Living," formerly known as "The Mobilehome Owner."

A proper understanding of this case requires that we review chronologically its factual setting in some detail.

On or about August 19, 1958, appellant filed with the Post Office Department an application for second class mailing privileges for its publication. On or about February 11, 1959, appellee Postmaster General, through the Director of the Postal Services Division, advised appellant that he proposed to deny the application on the ground that the publication was designed for advertising purposes in that it appeared to be a house organ of the owners.

Conforming to the Rules of Practice of the Post Office Department, appellant thereupon filed a petition for review of the proposed denial, and a hearing before a departmental hearing examiner was duly held. Thereafter the hearing examiner determined that the publication was designed primarily for advertising purposes, that it was a house organ for Mobilehome Dealers National Association and therefore was not eligible for entry into the United States mails as second class matter.

The facts then become somewhat obscure, due primarily to the administrative record (which leaves much to be desired) and to the Rules of Practice of the Post Office Department (which likewise leave much to be desired). So far as we are able to gather from the administrative record before us, the following is what happened:

The hearing examiner's initial decision was appealed to the Post Office Department's judicial officer, who acts for the Postmaster General. Oral argument thereon was held before Judicial Officer Ablard on January 19, 1960, the transcript of which was received on February 12, 1960. On February 23, 1960, the Director, Postal Services Division, moved for extension of time for the filing of a motion for correction of the transcript; and on the same day the time for filing was extended to March 4, 1960, by order of the judicial officer. However, on February 24, 1960, one day after signing the order, the judicial officer handed down the departmental decision in the case, reversing the hearing examiner and granting appellant second class entry for its publication. Two days later, on February 26, 1960, Judicial Officer Ablard resigned.

No further action seems to have been taken in the case until March 4, 1960, when the Director of Postal Services Division filed his motion for correction of the transcript. Nothing in that motion, so far as appears in the record transmitted to this court, indicates a demand for reconsideration of Judicial Officer Ablard's decision. But this is not to say that the finality of that decision was assumed by either of the parties to the action. In fact the contrary appears, even though veiled in some obscurity: In paragraph 4 of appellant's opposition, filed March 7, 1960, to the March 4 motion to correct the transcript, appellant in-

directly refers to a potential departmental attack on the judicial officer's decision in the following language:

"[Appellee] proposes, in effect, to have a decision of one Judicial Officer which is adverse to the Post Office Department reviewed by a successor Judicial Officer, creating an entirely new echelon of review not envisioned or contemplated by the Post Office Department Rules of Practice or by any other proper or lawful procedure."

In the record the first direct mention of any proposed reconsideration of Ablard's decision arose when, in an order dated March 9, 1960, giving appellant until March 17, 1960 to reply to the motion to correct the transcript, Judicial Officer Kelly (who had succeeded Ablard) made this observation:

"The last paragraph in the motion [motion for correction of transcript, filed March 4, 1960] reads as follows:

" 'The Director [Postal Services Division] has under advisement a motion for reconsideration and a correction of the transcript is a necessary preliminary step.' "

An unusual feature about the above inner quotation is that in the record before us there is absolutely nothing in the March 4 motion that even remotely resembles that sentence. How it can be quoted verbatim, when it does not appear in the motion, is beyond us; nevertheless that is what appeared in the order of March 9.

On March 11, 1960, appellant filed exceptions to the March 9 order, in which exceptions the language quoted by Judi-

cial Officer Kelly was not only referred to but also affirmatively utilized in several arguments advanced by appellant against the propriety of reconsideration in the circumstances. Certainly appellant at that time was not exactly startled by the mention of any possible departmental instability in connection with Ablard's decision.

Against this background the Director, on March 28, 1960, filed a motion to vacate the decision and reconsider the cause. The motion was granted and the case was reconsidered by Judicial Officer Kelly, who reversed the ruling made by Ablard and denied entry of the publication as second class matter.

On this appeal appellant urges first that, in the absence of statutory or departmental authority, a successor judicial officer of the Post Office Department has no authority to vacate and reconsider a duly authorized final departmental decision issued by his predecessor in office; and secondly that, assuming *arguendo* that this question may be answered in the affirmative, the decision issued by the successor judicial officer is inconsistent with the facts and the law and is erroneous, arbitrary and capricious.

■■ We think the Postmaster General has the inherent authority to reconsider and vacate a prior erroneous decision.[1] To hold otherwise, it seems to us would be to encourage the continuation of error beyond the point where it could most feasibly be caught and corrected. However, if there is to be any stability and fairness in administrative proceedings before the Post Office Department, this power must be exercised both within

1. The Supreme Court said in United States v. Pierce Auto Lines, 327 U.S. 515, at 535, 66 S.Ct. 687, 697, 90 L.Ed. 821 (1946): "Except in the single instance, it has been held consistently that rehearings before administrative bodies are addressed to their own discretion." And in Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 515–517, 64 S.Ct. 1129, 1135, 88 L.Ed. 1420 (1944), the Court said: "It [Atchison, T. & S. F. Ry. Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L.Ed. 273] is apparently the only instance in which this Court has interfered with the exercise of the Commission's discretion in granting, or refusing, to reopen a hearing [quoting Mr. Justice Brandeis in Baltimore & Ohio R. Co. v. United States, 298 U.S. 349, 389, 56 S.Ct. 797, 80 L.Ed. 1209]. * * * The rule that petitions for rehearings before administrative bodies are addressed to their own discretion is uniformly accepted and seems to be almost universally applied in other federal courts."

a reasonable time after the issuance of a final departmental decision and without subjecting the parties affected to any undue or unnecessary hardships. We think the motion here was filed within a reasonable time, and no hardship or prejudice to appellant's rights has been shown.

■ In the instant case Ablard resigned two days after handing down the departmental decision of February 24, 1960. He was replaced by Judicial Officer Kelly. Thereafter appellant was made cognizant as early as March 7, 1960, and probably earlier, that some sort of departmental action of an adverse nature was contemplated with respect to Ablard's decision. In these circumstances, we are of the opinion that the motion to vacate the decision and reconsider the cause was reasonable and not prejudicial.[2]

The fact that the motion for reconsideration was made to Ablard's successor is of no significance. Ablard had resigned and was no longer available. Kelly had succeeded him and was thus the Postmaster General's then authorized representative in Ablard's place and stead.

■ As for appellant's second contention, we find substantial evidence to support the amended departmental decision in this case.

As we find no error, the judgment of the District Court is

Affirmed.

2. It is suggested that the Post Office Department's rules be amended to provide either (a) that no motions for reconsideration be permitted or (b) that, if permitted, such motions shall be filed within a specified time.